

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-26-00040-CR

ERICK KEVIN BELTRAN-TOVAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 355th District Court
Hood County, Texas[1]
Trial Court No. CR14462, Honorable Bryan T. Bufkin, Presiding

July 7, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California*,[2] through which Erick Kevin Beltran-Tovar's (Appellant)

---

[1] Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE § 73.001. We apply the Second Court's precedent to the extent it conflicts with our own. *See* TEX. R. APP. P. 41.3.

[2] *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967).

court-appointed counsel asserts this appeal is frivolous. We agree, grant counsel's motion to withdraw, and affirm the trial court's judgment.

In November 2021, Appellant pleaded guilty to the second-degree offense of sexual assault of a child.[3] He was placed on deferred adjudication community supervision for a period of ten years. His community supervision was subject to certain terms and conditions.

In October 2025, the State filed a motion to proceed to adjudication, alleging Appellant violated the terms and conditions of his community supervision by failing to pay certain required amounts, failing to complete required community service hours, failing to avoid contact with the victim of the offense to which he pleaded guilty, and failing to pay the required sex offender fee for several months.

At the hearing on the motion, Appellant pleaded true to three of the State's allegations, including that he contacted the victim of the underlying offense, and not true to the remaining allegations. After hearing the evidence, the trial court found all the allegations true, adjudicated Appellant guilty, and sentenced him as noted. It also assessed a $10,000 fine against Appellant.

Appellant's appointed appellate counsel has filed a motion to withdraw and a brief complying with *Anders* in which he asserts Appellant's appeal is frivolous because the case reveals "no grounds that could be argued non-frivolously on appeal." *See Anders*, 386 U.S. at 744–45. In accordance with *Kelly v. State*, counsel sent Appellant a copy of

---

[3] TEX. PENAL CODE § 22.011.

2

the motion to withdraw and brief; informed him of his right to file a pro se response, to review the record, to seek discretionary review pro se should this Court deny relief; and provided to him a copy of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Counsel's motion and brief meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding).[4] This Court provided Appellant the opportunity to file a pro se response to counsel's *Anders* brief, but he did not do so. The State did not favor us with a brief.

After an appellant's court-appointed attorney files a motion to withdraw and a brief fulfilling the *Anders* requirements, we must independently examine the record for any arguable ground that may be raised on the appellant's behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only after examining the record and independently concluding that no arguable ground may be raised may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351, 102 L. Ed. 2d 300 (1988). Here, we find nothing in the record that might arguably support the appeal; we agree with counsel that this appeal is wholly frivolous and without merit. *See*

---

[4] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *Id.* at 408 n.22, 411. The duty to send the client a copy of this Court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

*Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

We accordingly grant counsel's motion to withdraw and affirm the trial court's judgment.

Alex Yarbrough<br>
Justice

Do not publish.